MORAN ET AL., D. B. A. MORAN BROS. DRILLING CO., APPELLEES, *v.* JOHNSON ET AL., APPELLANTS.

(No. 2008—Decided January 16, 1952.)

*Mr. Walter Dunwoody,* for appellees.
*Messrs. Sheppard & Agnew,* for appellants.

MONTGOMERY, J. The appeal to this court is from an order of the Court of Common Pleas directing the foreclosure of a mechanic's lien and a sale of the property involved.

The defendants Charles and Mary Johnson were the owners of the real estate upon which a lease had been executed for gas and oil purposes, and under which lease two wells have been drilled. The so-called number one well is a completed and producing well. The so-called number two well is a nonproducing well. The plaintiffs-appellees had drilled on the leasehold estate the number two well, and the agreed statement of facts upon which the case was tried in the court below shows that there is due them and unpaid the amount of $4,848.20.

Two curious things are to be noted about the record in this case.

There are presented to us two motions, one by the plaintiffs and one by the defendants, to dismiss this proceeding. We find no merit in either of these motions and both of them are overruled.

There is nothing in the pleadings or in the agreed statement of facts, which is incorporated in the bill of exceptions, to show any connection on the part of the defendant Burton with this lease or indebtedness. However, he defended the action by filing an answer, to which we will direct attention hereinafter, and in the brief filed by his counsel it is stated that he acquired the interest of the original lessees on July 1, 1951. He has waived any technicality that might otherwise have been raised.

By his answer Burton admits all the allegations of the petition, but says "in avoidance thereof" that the labor and material furnished by the plaintiffs were for the construction and drilling solely of the number two well, which is a nonproducing well, and that all royalties and payments received have come from the number one well, which had been paid for in full, and from which funds were being derived. He takes the position in his answer and in brief that the lien of the plaintiffs must be confined solely to the number two well and the equipment therein or thereon. The sole issue presented to us is whether this contention is correct, or whether the lien properly applies to the leasehold estate as such, which would include number one well and the proceeds thereof.

Defendants rely upon the old case of *Devine & Thomas* v. *Taylor*, 4 C. D., 248, 12 C. C., 723, a decision rendered in 1894. The statute authorizing mechanics' liens on oil and gas wells has been amended since that date, but even under the wording of the section of the Revised Statutes then in force, we think the court which rendered that decision was in error. That decision is not binding upon us, and, as it was an old Circuit Court decision rendered prior to the establishment of the Courts of Appeals of Ohio, the so-called conflict rule in decisions does not hold.

Consider Section 8310, General Code, which provides for the obtaining of mechanics' liens. It authorizes, among other things, a lien ''for digging, drilling, boring, operating, completing, or repairing of any gas well, oil well, or other well * * *.'' It further provides that one furnishing labor or material shall have a lien upon ''such gas well, oil well, or other well'' and ''upon the interest, leasehold, or otherwise, of the owner, part owner, or lessee, in the lot or land upon which they may stand * * *.''

The language of this statute, it seems to us, is such as to make it clear that the Court of Common Pleas was correct in ordering the sale of this leasehold estate, including well number one and its proceeds.

The theory back of mechanics' liens is that the one who furnishes labor or material in the improvement or development of an estate, whether freehold or leasehold, or in an attempt to improve or develop it, is in a different class from an ordinary creditor, because his contribution is made directly to the specific property and for its benefit, and upon that property he should have a specific lien.

The labor and material furnished by the plaintiffs were furnished in an endeavor to improve and increase the value of this leasehold estate which Burton admits he owns, and to improve it by the drilling of an additional well, which happened to prove an unfortunate venture. In other words, the contribution of labor and material by plaintiffs was for the presumed benefit and advantage of the existing leasehold estate. It was not for the benefit and advantage of well number two because at the time of the contract well number two was not in existence.

The judgment is affirmed.

*Judgment affirmed.*

McCLINTOCK, P. J., and PUTNAM, J., concur.